IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| EMILY NANOUK, | |
|---|---|
| Plaintiff, | Case No. 3:15-cv-00221-RRB |
| vs. | **ORDER RE: MOTION AT DOCKET 42** |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

## I. PENDING MOTION

At Docket 30 Defendant United States of America (hereinafter "Government") has moved for summary judgment on the grounds that the action is barred by the applicable statute of limitations. Plaintiff Emily Nanouk has opposed the motion,[1] to which the Government has replied.[2] At **Docket 42** Nanouk has moved for a continuance to allow for further discovery on the statute of limitations, which the Government has opposed.[3]

## II. PROCEDURAL BACKGROUND/ISSUE PRESENTED

This action, brought under the Federal Tort Claims Act ("FTCA"),[4] arises out of the operation of the North River Relay Station ("North River Station") located approximately 700 feet North of a 160-acre Native Allotment owned by Nanouk during the period 1958

---

[1] Docket 35.

[2] Docket 43.

[3] *Id*.

[4] 28 U.S.C. §§ 1346, 2671–80.

through 1978. It is undisputed that operations at the North River Station resulted in the release of contaminants into the soil on Nanouk's property, including polychlorinated biphenal ("PCB") and trichlorobenzene. It is also undisputed that the Government conducted clean-up operations on Nanouk's Native Allotment.

In her Second Amended Complaint Nanouk contends that the contamination, which extended into her Native Allotment, makes a cabin erected thereon uninhabitable and seeks compensation in an unspecified amount as a result thereof. The Government has not answered the Second Amended Complaint.

The Government initially moved to dismiss the Complaint for lack of jurisdiction and that the matter was time-barred for failure to file an administrative tort claim within two years,[5] which Nanouk opposed.[6] After filing its Motion to Dismiss the Government moved to stay the proceeding, including discovery, pending resolution of the Motion to Dismiss.[7] Nanouk opposed the motion[8] and the Government replied.[9] The Court granted the Government's motion to stay in part: staying discovery pending a decision on the Motion to Dismiss.[10] As result of the intervening Motion for Summary Judgment, the motion to

---

[5] Docket 7.

[6] Docket 28,

[7] Docket 14.

[8] Docket 19.

[9] Docket 21.

[10] Docket 23.

dismiss was ultimately denied by the Court *sua sponte* as moot.[11] It does not appear that Nanouk conducted any discovery during the period the Motion to Dismiss was pending.

Clouding resolution of the Government's pending summary judgment motion is a dispute over discovery; specifically, if, and if so, the extent to which it should be permitted. The facts underlying this dispute are set forth in the Declaration of Samuel J. Fortier,[12] are well known to the parties, and are not recited herein except to the extent necessary to understanding this decision.

### III. DISCUSSION

As does Nanouk, the Court does not know which, if any, of the documents in the possession of the Government may be determinative of the issues raised in the pending Motion for Summary Judgment.[13] The Government has, however, filed a filed a copy of the North River Radio Relay Stations Administrative Record index of documents, which are available online at http://afcec.publicadmin-record.us.af.mil/Search.aspx#.[14]

Thus, Nanouk may view those documents to determine which documents, if any, support the arguments she has raised in opposition to the Government's motion. In the interests of justice Nanouk should, and will be, granted a reasonable time within which to review those documents, and obtain a copy thereof to the extent necessary or appropriate..

---

[11] Docket 41.

[12] Docket 36.

[13] In her opposition Nanouk raises three issues: (1) Equitable Estoppel; (2) Waiver; and (3) Equitable Tolling.

[14] Declaration of Henry T. Miller, Docket 39. The Court has tested the URL provided and finds that it does, in fact, provide access to the identified documents.

**IV. ORDER**

Accordingly, the motion for a continuance to allow for further discovery on the statute of limitations at **Docket 42** is granted as follows:

1. On or before **May 31, 2016**, Nanouk may serve and file a supplemental opposition to the Government's Motion for Summary Judgment; which supplement may not exceed ten (10) pages, exclusive of exhibits; and

2. Not later than **fourteen (14) days** after Nanouk serves and files her supplemental brief, the Government may serve and file a supplemental reply brief, not to exceed five (5) pages, exclusive of exhibits.

A certification by counsel that any exhibit submitted in response to this Order is a true and correct copy obtained from the on-line records maintained by the Government will constitute sufficient authentication under Federal Rules of Evidence 901–03.

In all other respects the motion for a continuance to allow for further discovery on the statute of limitations at **Docket 42** is **DENIED**.

**IT IS SO ORDERED** this 4th day of May, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE