IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

EMILY NANOUK,

                    Plaintiff,

      vs.

UNITED STATES OF AMERICA,

                    Defendant.

Case No. 3:15-cv-00221-RRB

**ORDER RE
MOTION FOR SANCTIONS**

Before the Court is Plaintiff's Motion for Sanctions[1] against Defendant "for its failure to prepare and participate in good faith at the pretrial settlement conference."[2] Defendant responded in opposition,[3] and Plaintiff filed a reply[4]. For the foregoing reasons, the Motion is **GRANTED**.

## I. BACKGROUND

The underlying matter involves a Complaint brought by Plaintiff against the United States under the Federal Tort Claims Act (FTCA).[5] Specifically, Plaintiff alleged that her property had been contaminated by hazardous chemicals negligently released from

---

[1] Docket 225.
[2] *Id.* at 1.
[3] Docket 229.
[4] Docket 230.
[5] *See generally* Docket 1.

a nearby military facility.[6]  On December 12, 2018, the District Court granted Defendant's

motion to dismiss for lack of subject matter jurisdiction after determining that Plaintiff's

claims were barred by the FTCA's discretionary function exception, a provision that

precludes jurisdiction when the plaintiff's claims are based on certain discretionary acts of

government employees.[7]  Plaintiff appealed and, on September 4, 2020, the Ninth Circuit

vacated and remanded the matter to the District Court.[8]  The Ninth Circuit held that the

discretionary function exception barred Plaintiff's claims to the extent they were predicated

on two of the three acts Plaintiff challenged as negligent.[9]  However, the Ninth Circuit

found that Defendant had failed to establish that the exception bars Plaintiff's claims in

their entirety.[10]

On November 17, 2020, the parties filed a joint status report "request[ing]

the Court to order referral to a judicial settlement conference."[11]  On December 9, 2020,

this Court issued its settlement conference order, which, in part, requested that each party

submit a confidential settlement brief in anticipation of an in-person settlement

conference.[12]  Due to the COVID-19 pandemic, conducting the settlement conference in-

person became logistically challenging, as counsel for the Defendant were unable to attend.

In an attempt to avoid further delay, the parties and Court agreed to a hybrid approach,

---

[6] *Id*. at 3–4.
[7] Docket 194.
[8] *Nanouk v. United States*, 974 F.3d 941 (9th Cir. 2020).
[9] *Id*. at 942.
[10] *Id.*
[11] Docket 212 at 1–2.
[12] Docket 219.

where Plaintiff and Plaintiff's counsel would meet with the Court in-person, and the Court would meet with counsel for the Defendant virtually. On April 29, 2021, the settlement conference was conducted.[13] The settlement conference concluded without a resolution. Plaintiff filed the present motion for sanctions shortly thereafter, on June 15, 2021.

## II. DISCUSSION

Federal Rule of Civil Procedure 16(f) provides that the court may issue an order for sanctions "if a party or its attorney[] is substantially unprepared to participate— or does not participate in good faith—in the [pretrial] conference."[14] The District Court has discretion to establish appropriate sanctions.[15]

Plaintiff argues that, as a foundational matter, "[r]equesting a settlement conference with little intent to negotiate is bad faith."[16] Citing to *Guillory v. Domtar Industries Inc*.,[17] Plaintiff contends that Defendant made "an offer that it knew was so low it had no realistic potential of being accepted" and, in fact, "<u>lowered</u> the previous offer after hearing Plaintiff's counteroffer."[18]

Defendant argues that this Court's "decision to proceed with a settlement conference after reviewing the [Defendant's] brief [was] an implicit acknowledgment that there was nothing about the United States' position that inherently reflected bad faith, such

---

[13] *See* Docket 223.
[14] Fed. R. Civ. P. 16(f)(B).
[15] *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010).
[16] Docket 225 at 6.
[17] 95 F.3d 1320 (5th Cir. 1996).
[18] Docket 225 at 7 (emphasis in original).

that negotiations would have been futile."[19]  Defendant also notes that any inference as to bad faith based solely on the Court's evaluation of what constitutes a "bonafide [sic] offer of settlement" would be inappropriate given that parties often vary greatly as to their respective evaluation of what might be a "fair" offer.[20]  Finally, Defendant contends that this Court cannot sanction a party simply due to its settlement position.[21]

The Court finds that Defendant did not participate in the settlement conference in good faith because, simply put, it refused to suggest any meaningful offers or otherwise engage in good faith negotiations.  Without divulging the substance of the respective conversations that occurred during the settlement conference, this Court notes that Defendant ultimately did not substantially alter its position or the monetary offer it articulated in its confidential settlement briefing.  While Plaintiff showed a desire to find common ground, Defendant was unwilling to attempt negotiation.  The refusal to engage in any substantive settlement talks belies the Government's assertion that it was open to settlement and the Court, in its discretion, finds that this conduct warrants sanctions under Rule 16(f).

As relevant here, Defendant's argument opposing sanctions relies upon this Court's "Order Regarding Settlement Conference," which provided, in part, that:

> A settlement conference will be scheduled only if, on the basis of the Confidential Settlement Briefs, it appears that there is a reason to believe that, with the assistance of the Court, a settlement of the case can be negotiated.[22]

---

[19] Docket 229 at 14.
[20] *Id.*
[21] *Id.* at 15.
[22] Docket 213-1 at 2.

Put more bluntly, Defendant contends that it cannot possibly have acted in bad faith because this Court served as the gatekeeper for the settlement conference, and the Court's decision "to proceed with a settlement conference after reviewing [Defendant's] brief is an implicit acknowledgement that there was nothing about [Defendant's] position that inherently reflected bad faith, such that negotiations would be futile."[23]

However, to rely on such a superficial analysis would represent a complete failure to appreciate the purpose, stratagems, and methodologies of a typical settlement conference. There invariably is a disparity between what the adverse parties believe a fair settlement entails.[24] Parties inevitably will assert confidence about their respective positions and the relative value of the litigation, if only as a strategy to reach a more favorable settlement. Because of this, Defendant's brief did not indicate to the Court that settlement was futile, especially given that Defendant requested a judicial settlement conference. A settlement conference is contemplated only if both the parties indicate a desire to engage in negotiations; this implies a willingness of both parties to endeavor in a meaningful settlement conference in the hope to resolve the underlying litigation. In fact, the Court implicitly notes this in its Order Regarding Settlement Conference, by stating that it will conduct a settlement conference if "it appears that there is a reason to believe that, *with the assistance of the Court*, a settlement of the case can be negotiated."[25]

---

[23] Docket 229 at 10.

[24] Anecdotally, this Court cannot recall reviewing confidential settlement briefings where such a disparity was not present.

[25] Docket 213 at 2 (emphasis added).

More importantly, the Court's decision to proceed with a settlement conference based on Defendant's brief does not preclude, and ultimately is irrelevant to, a finding of bad faith. The Court believed that a joint request for settlement conference necessarily would entail a willingness to negotiate. However, Defendant's conduct *during* the ensuing settlement conference showed that the Government entered the conference with no intent to negotiate and, ultimately, did not participate in good faith.

Here, Defendant indicated unequivocally to the Court that it was interested in settlement negotiations. The respective confidential settlement briefing indicated that there was a sizeable gap between what each party felt would be a fair resolution. However, given the joint desire to engage in the settlement conference, this Court reasonably believed that it was a worthwhile endeavor, and that each party would meaningfully engage in the enterprise with an intent to find common ground. Without divulging the content of the conversations that occurred during the settlement conference, this Court notes that Plaintiffs did so, making a series of concessions and revisions to its perspective as to a fair resolution, notwithstanding Plaintiff's belief that she would prevail in the underlying litigation.

Defendant did not. Defendant's belief, essentially, was that it was certain to prevail in the underlying litigation and, as such, was not willing to suggest a meaningful offer. Although Defendant was not required to settle or make an offer that appeased Plaintiffs, Defendant was expected to minimally engage in negotiations. While maintaining the confidentiality of the parties' discussions, the Court notes that after four hours of attempted negotiation, the Government refused to consider anything other than its

original offer. This does not reflect good faith participation in the conference: a good faith attempt at settlement includes a willingness to negotiate.[26] If the Government was uninterested in a substantive settlement discussion, it could have foregone a judicial conference and simply communicated a written final offer to Plaintiff.

This Court does not take issue with Defendant's own valuation of its case or its ultimate position that it was likely to prevail, and this Order does not address whether Defendant's offer could be considered a "bonafide [sic] offer of settlement." This Court *does* take issue with the disingenuous strategy of requesting a settlement conference, with the natural implication that it was interested in a meaningful settlement discourse, and then refusing to engage in that discourse. The Government's unwillingness to meaningfully participate in the settlement conference wasted the Court's time and energy, and, as relevant here, it wasted Plaintiff's time and energy.

## III.   CONCLUSION

Therefore, IT IS ORDERED that Plaintiff's Motion for Sanctions at Docket 225 is **GRANTED**. The Government is required to pay Plaintiff's costs for the settlement proceedings, totaling $11,401.00.[27]

DATED this 31st day of March, 2022, at Anchorage, Alaska.

_/s/ Joshua M. Kindred_
JOSHUA M. KINDRED
United States District Judge

---

[26] *See Guillory*, 95 F.3d at 1335.
[27] *See* Docket 225 at 10.

*Nanouk v. United States*                                                          Case No. 3:15-cv-00221-RRB
Order re Motion for Sanctions                                                                        Page 7
Case 3:15-cv-00221-RRB   Document 237   Filed 03/31/22   Page 7 of 7