IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EMILY NANOUK,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | Case No. 3:15-cv-00221-RRB<br><br>**ORDER GRANTING<br>MOTION TO RECONSIDER** |

      Before the Court at Docket 238 is Defendant's Motion for Reconsideration. The Government asks the Court to reconsider its Order at Docket 237, which granted Plaintiff's Motion for Sanctions at Docket 225. The Court did not request a response from Plaintiff.[1]

      Under Local Civil Rule 7.3(h)(1), "[a] court will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) a manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law." Here, the Court concludes it made a manifest error of law when it granted Plaintiff's Motion for Sanctions.

---

[1] *See* D. Alaska Loc. Civ. R. 7.3(h)(3).

Under Federal Rule of Civil Procedure 16(f)(B), a court may issue an order for sanctions "if a party or its attorney[] is substantially unprepared to participate—or does not participate in good faith—in the [pretrial] conference." This Court ordered the Government to pay Plaintiff's costs for an unsuccessful judicial settlement conference after finding that the Government did not participate in good faith.[2] Specifically, the Court took umbrage with "the disingenuous strategy of requesting a settlement conference, with the natural implication that it was interested in a meaningful settlement discourse, and then refusing to engage in that discourse."[3] Without divulging the content of its conversations, the Court found that the Government did not participate in good faith based on its lack of willingness to negotiate.

In its Motion for Reconsideration, the Government argues that (1) the Court made a manifest error of fact regarding its conduct during the settlement conference and (2) the Order contains a manifest error of law "by basing sanctions on the asserted failure 'to suggest any meaningful offers.'"[4] In support, the Government filed a declaration outlining the Government's conversations with the undersigned during the settlement conference.[5]

Candidly, the Court does not fully agree with the Government's recount. However, it is unnecessary to determine whether the Court made a manifest error of fact

---

[2] Docket 237 at 7.
[3] Id.
[4] Docket 238 at 3 (quoting Docket 237 at 4).
[5] To maintain confidentiality, the Government filed the declaration for *in camera* review pursuant to D. Alaska Loc. Civ. R. 7.3(g).

*Nanouk v. United States*  Case No. 3:15-cv-000221-RRB
Order Granting Motion to Reconsider  Page 2
Case 3:15-cv-00221-RRB   Document 251   Filed 08/30/22   Page 2 of 4

because, even with its own version of events, the Court committed a manifest error of law. The Government's middling participation during settlement negotiations dismays the Court, but its conduct does not warrant sanctions. The Court's finding of bad faith was inappropriately predicated on the Government's position during settlement negotiations.[6] In *Guillory v. Domtar Industries Inc.*, the Fifth Circuit upheld sanctions because a party "concealed its true position that it never intended to settle the case."[7] The opinion is careful to note that the district court did not and cannot sanction the party "for failing to make a serious offer."[8] Here, the Court found that the Government had no intention of settling the case entirely because it "refused to suggest any meaningful offers."[9] Unlike in *Guillory*, there is no evidence that the Government "concealed its true position" or otherwise entered negotiations in bad faith.[10] To issue sanctions for the Government's valuation of its case would be an abuse of discretion.[11]

Because the Court made a manifest error of law in its Order, the Government's Motion for Reconsideration is GRANTED. The Court's Order at

---

[6] *See* Docket 237 at 4 ("The Court finds that Defendant did not participate in the settlement conference in good faith because, simply put, it refused to suggest any meaningful offers or otherwise engage in good faith negotiations.").
[7] 95 F.3d 1320, 1334–35 (5th Cir. 1996).
[8] *Id.*
[9] Docket 237 at 4.
[10] *See* 95 F.3d 1320, 1334–35 (5th Cir. 1996). Here, the Government's settlement brief was timely and accurately described its position.
[11] *See Guillory*, 95 F.3d at 1334 n.13 ("[S]anctions cannot be justified simply because a party does not offer what the court considers a 'bonafide offer' or 'serious money.'"); *Apelian v. Allstate Ins. Co.*, 737 F. App'x 327, 329 (9th Cir. 2018) (finding that district court abused its discretion by sanctioning Defendant for being unwilling to settle but upholding sanctions against counsel for being unprepared for settlement conference); *Stevenson v. Delta Air Lines, Inc.*, 2018 WL 11337642, at *2 (N.D. Ga. 2018) ("Defendant's refusal to increase its initial, low settlement offer does not provide a justification for sanctioning Defendant or its counsel.").

*Nanouk v. United States*     Case No. 3:15-cv-000221-RRB
Order Granting Motion to Reconsider     Page 3
Case 3:15-cv-00221-RRB    Document 251    Filed 08/30/22    Page 3 of 4

Docket 237 is VACATED. For the reasons stated above, Plaintiff's Motion for Sanction at Docket 225 is DENIED.

IT IS SO ORDERED this 29th day of August, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

*Nanouk v. United States*  Case No. 3:15-cv-000221-RRB
Order Granting Motion to Reconsider  Page 4
Case 3:15-cv-00221-RRB   Document 251   Filed 08/30/22   Page 4 of 4